Defendant-appellant Curtis Young ("appellant") appeals from the trial court's determination that he was a "sexual predator" pursuant to R.C. Chapter 2950. Finding appellant's appeal to lack merit, the judgment of the trial court is affirmed.
 I.
On June 7, 1989, appellant engaged in sexual conduct with an eleven year-old girl. On July 12, 1989, in Case No. CR-240608, appellant was charged with one count of rape in violation of R.C.2907.02. On August 3, 1989, appellant pleaded not guilty to the charge set forth in the indictment.
On September 7, 1989, appellant kidnapped his victim's mother in an attempt to intimidate and hinder the prosecution of the rape charge against him. In Case No. CR-244299, filed on November 9, 1989, appellant was indicted on one count of kidnapping and one count of intimidation. Appellant initially pleaded not guilty to the charges set forth in the second indictment.
On November 30, 1989, the charges against appellant were amended to attempted rape, attempted kidnapping, and intimidation. Appellant retracted his former pleas of not guilty and pleaded guilty to the charges set forth in the amended indictments. In corresponding journal entries filed by the court on July 20, 1990, appellant was sentenced to concurrent prison terms of two to fifteen years for attempted rape, two to fifteen years for attempted kidnapping, and two years for intimidation.
On June 24, 1997, the trial court conducted a sexual predator determination hearing. In a journal entry filed by the court on July 1, 1997, appellant was adjudicated to be a sexual predator. Therefrom, appellant filed the instant consolidated appeals.
 II.
In his first, second, and fourth through eleventh assignments of error, appellant raises the following constitutional challenges to R.C. Chapter 2950:
 I. H.B. 180, AS APPLIED TO THE APPELLANT, VIOLATES ART. I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ART. IT, SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
 II. THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED THE APPELLANT'S DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED STATES AND OHIO CONSTITUTION[S], WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180 WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
 IV. APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 V. APPLICATION OF THE "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANT'S H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 VI. H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
 VII. H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
 VIII. H.B. 180, AS APPLIED TO APPELLANT, CONSTITUTED DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ART. 1, SEC. 10, OF THE OHIO CONSTITUTION.
 IX. THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANT'S CONSTITUTIONAL RIGHT TO PRIVACY.
 X. H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 9, OF THE OHIO CONSTITUTION.
 XI. APPLICATION OF H.B. 180 TO APPELLANT, WHO PLED NO CONTEST [GUILTY] TO OFFENSES PRIOR TO THE EFFECTIVE DATE OF THIS LEGISLATION, VIOLATED APPELLANT'S DUE PROCESS RIGHTS AND CRIM.R. 11, SINCE HE COULD NOT HAVE BEEN INFORMED OF THE REGISTRATION/NOTIFICATION CONSEQUENCES OF HIS PLEA AT THE TIME OF HIS PLEA.
This court has recently addressed and rejected identical challenges to the constitutionality of R.C. Chapter 2950 in Statev. Ward(Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. Accordingly, appellant's first, second, and fourth through eleventh assignments of error are summarily overruled.
 III. THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT THE APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
In his third assignment of error, appellant asserts that the evidence presented at his hearing was insufficient to prove by clear and convincing evidence that he is a sexual predator.
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Appellant's plea of guilty to the charge of attempted rape qualifies as a sexually oriented offense under R.C. 2950.01(D). However, appellant claims that there was insufficient evidence presented at the hearing to determine by clear and convincing evidence that he "is likely to engage in the future in one or more sexually oriented offenses."
In making a determination as to whether an offender is a sexual predator, the trial judge must consider all relevant factors, including, but not limited to the factors listed in R.C. 2950.09
(B)(2):
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
"The statute does not require the court to list the criteria, but only to `consider all relevant factors, including' the criteria in R.C. 2950.09(B)(2) in making his or her findings."State v. Cook(1998), 83 Ohio St.3d 404, 426. Moreover, R.C.2950.09(B)(2) does not require that each factor be met, rather it merely requires that the trial court consider those factors which are relevant. State v. Ivery(Feb. 18, 1999), Cuyahoga App. No. 72911, unreported, citing State v. Tracy(May 20, 1998), Summit App. No. 18623, unreported.
The standard of "clear and convincing evidence" is the measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases. State v.Schiebel(1990), 55 Ohio St.3d 71, 74. Clear and convincing evidence is the measure or degree of proof which produces in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Id. In reviewing a trial court's decision based upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy the requisite degree of proof. Id.
At the hearing, the trial court took judicial notice of the following:
 In addition to that this Court is going to take, for purposes of this hearing, judicial notice of the dockets, the dockets in 240608 and 244299. The Court is going to take judicial notice of the pre-sentence investigative report which this Court physically has possession of, * * *
* * *
 In addition to that this Court is going to notice of the fact that the convictions in this case was for attempted rape and attempted kidnapping. The attempted kidnapping coming as a result of the State's allegation of an effort on your part to persuade the victim's mother and the victim from pursuing the rape aspect of this particular case.
 The Court will take judicial notice and will incorporate by reference information that was given to this Court relative to the age of the victim. The age of the victim at the time of this incident was eleven years of age. And at that time, back in 1989, you were 40 years of age.
 The Court will also take and make judicial notice of earlier involvements that you had in Cleveland, Ohio. You were picked up in conjunction with a statutory rape. The allegation that was made at that time was this was a 15 year old girl. At that time you were 19. The Court will also notice the fact that you had been, albeit the case was ultimately dismissed, picked up on a rape charge also in 1974. * * *
Based on the facts of the underlying case and appellant's prior history, the trial court did not err in adjudicating appellant a sexual predator. Clear and convincing evidence was presented at the hearing to justify the disposition that appellant was likely to engage in similar behavior in the future; therefore, appellant's third assignment of error is overruled.
 XII. THE TRIAL COURT ERRED IN IMPOSING REGISTRATION REQUIREMENTS UPON APPELLANT, SINCE APPELLANT WAS SENTENCED PRIOR TO THE EFFECTIVE DATE OF R.C. 2950.04, WHICH PROVIDES FOR THE MANNER OF OFFENDER REGISTRATION.
As for his final assignment of error, appellant claims that the trial court erred in imposing the registration requirements of R.C. 2950.04 upon him because he was sentenced before the effective date of the statute.
In support of this argument, appellant cites this court's decision in State v. Hooks(Dec. 18. 1997), Cuyahoga App. No. 72780, unreported. In Hooks, this court noted that an offender's duty to register under R.C. 2950.04(A)(2) only applies to offenders sentenced for a sexually oriented offense on or after July 1, 1997, the effective date of the statute. However, sexually oriented offenders sentenced before the effective date of the statute can be required to register pursuant to R.C.2950.04(A)(1).
R.C. 2950.04(A) provides, in pertinent part:
 (A) Each offender who is convicted of or pleads guilty to, or has been convicted of or pleaded guilty to, a sexually oriented offense and who is described in division (A)(1), (2), or (3) of this section shall register at the following time and with the following official:
 (1) Regardless of when the sexually oriented offense was committed, if the offender is sentenced for the sexually oriented offense to a prison term, a term of imprisonment, or any other type of confinement and if, on or after the effective date of this section, the offender is released in any manner from the prison term, term of imprisonment, or confinement, within seven days of the offender's coming into any county in which the offender resides or temporarily is domiciled for more than seven days, the offender shall register with the sheriff of that county.
 (2) Regardless of when the sexually oriented offense was committed, if the offender is sentenced for a sexually oriented offense on or after the effective date of this section and if division (A)(1) of this section does not apply, within seven days of the offender's coming into any county in which the offender resides or temporarily is domiciled for more than seven days, the offender shall register with the sheriff of that county.
Pursuant to R.C. 2950.04(A)(1), sexual oriented offenders released from prison on or after the effective date of the statute are required to register. Contrary to appellant's broad interpretation of Hooks, R.C. 2950.04(A)(1) clearly applies to sexual oriented offenders sentenced before the effective date of the statute. Accordingly, appellant's twelfth assignment of error is overruled.
The judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. Any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, P.J., CONCURS.
 ANNE T. KILBANE, J., DISSENTS.
 (SEE DISSENTING OPINION ATTACHED)
 ___________________________________ LEO M. SPELLACY, JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D), 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).